UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIM HAMILTON COOPER, *et al.*

      Plaintiffs,

v.                         Case No. 8:23-cv-01157-NHA

MAKABE & MAKABE, LLC

      Defendant.
_____/

## ORDER

    I partially grant and partially deny Plaintiff Cooper's motion to compel (Doc. 22). I deny as moot Plaintiff Cooper's request to compel certain responses to his discovery requests, because Defendant provided the relevant responses shortly after Plaintiff Cooper moved to compel them. I grant Plaintiff Cooper's motion to deem any objections to those requests—other than for privilege—waived, and to extend the time to join parties and amend the pleadings. I deny Plaintiff Cooper's motion for attorney's fees.

### Background

    This is a slip-and-fall case. Defendant Makabe & Makabe, LLC owns a retail center in St. Petersburg, Florida. Am. Compl. (Doc. 20) ¶ 5. Plaintiff Cooper visited Defendant's property on August 29, 2022, and allegedly tripped and fell on uneven pavers. Am. Compl. ¶¶ 7-9. Plaintiff Cooper brings a claim

for negligence (count I); his husband, Plaintiff Timothy McClausland, brings a claim for loss of spousal consortium (count II). Am. Compl. ¶¶ 17-24.

On June 22, 2023, Plaintiff Cooper served on Defendant requests for admission, asking Defendant to admit that (1) on the date of Plaintiff Cooper's fall, Defendant was the legal owner of the property where Plaintiff Cooper fell; and (2) Defendant had a "duty to maintain these premises in a reasonably safe condition for use by business invitees," including Plaintiff Cooper. Doc. 22-1. Plaintiff Cooper also attached to his requests for admission, special interrogatories asking for the factual basis supporting the denial of any request for admission. *Id.* Defendant's responses to those requests for admission were initially due July 22, 2023.

On July 26, 2023, Plaintiff Cooper served on Defendant a set of 24 interrogatories (Doc. 22-3) and 18 requests for production (Doc. 22-4). Plaintiff Cooper's discovery requests were aimed, in part, at identifying any other persons or entities in possession and control of the retail center where Plaintiff Cooper says he fell. Defendant's responses to these requests were due August 25, 2023.

The record reflects that both parties repeatedly missed the strict deadlines for discovery disclosures and had a collegial practice of contacting each other to flag missed deadlines and to negotiate extensions among themselves. *See* Docs. 22-5, 22-7, 22-8. Regarding the responses at issue here,

the parties mutually agreed to extend the response deadline through October 18, 2023; the same courtesy was extended for responses overdue by Plaintiffs. Doc. 22-5. On October 18, 2023, Defendant served a response to Plaintiff Cooper's June 22, 2023 requests for admission but failed to respond to the attached special interrogatories. Doc. 22-2. Defendant also failed to respond to the July 26, 2023 requests for production and interrogatories. *See id.,* Docs. 17, and Doc. 24. Plaintiff Cooper's counsel followed up with Defendant's counsel via e-mail on October 19, 20, and 30, 2023, and via phone call on October 30 and 31, 2023. Doc. 17 ¶¶ 8, 9, 12, and 13. Defendant's counsel did not respond. *Id.*

The Court's deadline to join third parties and amend the pleadings was November 3, 2023. Doc. 17. Defendant had not provided the information Plaintiff Cooper needed to determine whether to join or amend. Accordingly, on November 2, 2023, Plaintiff Cooper moved (1) to compel Defendant to answer the June 22, 2023 special interrogatories and the July 26, 2023 requests for production and interrogatories; (2) to deem waived any objections to those discovery requests; (3) to extend the deadline for joining parties and amending the pleadings; and (4) to award Plaintiff Cooper, pursuant to Federal Rule of Civil Procedure 37(a)(5), the fees he incurred in bringing the motion. Doc. 22.

3

On November 16, 2023, the day Defendant's response to Plaintiff Cooper's motion was due, Defendant responded to all outstanding discovery requests. *See* Doc. 24, p. 1. That same day, Defendant responded to Plaintiff Cooper's motion, informing the Court that Defendant had provided the outstanding responses and that Defendant did not oppose extending the time to join third parties and amend the pleadings. *Id.* Plaintiff Cooper filed a reply, acknowledging that Defendant's responses rendered moot his motion to compel, but maintaining his request for orders to prohibit objections to his discovery requests, to extend the time to join parties and amend the pleadings, and to award the fees he incurred in bringing his motion Doc. 27.

I held a hearing on the motion on January 19, 2024. Counsel for both parties appeared. As explained further on the record, I found—with concurrence from both parties—that Plaintiff's motion to compel the June 22 and July 26 discovery responses was due to be denied as moot. I found—with concurrence from both parties—that any objection to Plaintiff's June 22 and July 26 discovery requests, other than privilege, was waived. I found—with concurrence from both parties—that the deadline to join parties and amend the pleadings should be extended to January 31, 2023.  I took under advisement Plaintiff's motion to award fees.

4

## Analysis

Rule 37(a)(5) provides that, if a motion to compel "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5). The Rule lists certain exceptions to the mandatory award of fees, including when "the opposing party's nondisclosure, response, or objection was substantially justified" or when "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A).

Here, Defendant's counsel failed to timely respond to Plaintiff's discovery requests and failed to respond in any way to Plaintiff's diligent and repeated efforts to discuss the delay. I do not find that Defendant's counsel acted maliciously or in bad faith. However, I do find that Plaintiff would not have filed his motion had Defense counsel simply answered one of his calls or emails to explain and/or attempt to negotiate the delay. I cannot find any substantial justification for the failure to do so.

However, based on both parties' history of informally missing and extending each other's response deadlines, the apparent singularity of Defense counsel's utter failure to communicate with Plaintiff in this instance, the fact

that Defendant will be penalized for the delay by the waiver of objections, and the lack of any demonstrated prejudice to Plaintiff's case, I do not find an award of attorney's fees to be just in this instance.

I note, however, that if counsel were to again fail both to timely produce and to communicate regarding the delay, I could no longer rely on the singularity of the failure to support a denial of a motion for fees under Rule 37(a)(5).

## Conclusion

It is **ORDERED** that Plaintiff Cooper's Motion to Compel and for an Extension of Time (Doc. 22) is **GRANTED IN PART AND DENIED IN PART**, as follows:

(1)    Plaintiff Cooper's motion is **DENIED AS MOOT** to the extent that it seeks an order compelling Defendant to respond to certain discovery requests.

(2)    Plaintiff Cooper's motion is **GRANTED,** to the extent that it seeks to prohibit all Defendant's objections—other than those of privilege—to the June 22, 2023 and July 26, 2023 discovery requests.

(3)    Plaintiff Cooper's motion is **GRANTED** to the extent that it seeks an extension of the deadline for joining parties and amending the complaint. Plaintiffs may amend the complaint and join parties on or before January 31, 2024.

(4)   Plaintiff Cooper's motion is **DENIED** to the extent he seeks fees pursuant to Rule 37(a)(5).

(5)   The parties shall submit a joint case status report no later than March 29, 2024. In the status report, the Parties shall:

(a) indicate whether they anticipate seeking an extension of any pretrial deadlines and, if so, propose new deadlines;

(b) propose dates certain for filing trial briefs, deposition designations, and motions in limine; and

(c) identify three separate weeks in which the parties can be available for a trial.

**ORDERED** in Tampa, Florida, on January 22, 2024.

NATALIE HIRT ADAMS
United States Magistrate Judge

7